In the Matter of ISIDORE ENTES, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 13, 1972.

*John G. Bonomi* for petitioner.

*Irving Mendelson* for respondent.

*Per Curiam.* The respondent was admitted to the Bar on January 29, 1936, at a term of the Appellate Division, Second Department. He was convicted on a plea of guilty, on June 17, 1971, of solicitation of business on behalf of an attorney, a misdemeanor, in violation of section 479 of the Judiciary Law, and sentenced to an unconditional discharge. In a hearing before the Committee on Grievances of the Association of the Bar of the City of New York, following charges predicated upon this conviction, respondent, after admitting his guilt, submitted evidence in mitigation. This evidence disclosed that although his conviction was based upon two incidents in the nature of entrapment by police officers, he actually had been the beneficiary over a period of several months of clients referred to him by an acquaintance, who was a Spanish speaking interpreter.

Initially, respondent did not solicit these clients, and no payment was requested or made for the referrals. Presumptively, the references were made simply on the basis of friendship and respondent's competence. Subsequently, however, the person making the referrals requested compensation for further referrals, which was agreed to and paid by respondent. These cases involved situations in which individuals, who were members of minority groups of the Harlem community, actually wanted and needed a lawyer.

Many character witnesses, including members of the Judiciary, came forward in his behalf. And, except for the foregoing involvement, there appears no blemish upon the record of respondent's professional and personal activity. He is now 62 years old, married since 1938, has two sons, and a daughter, and has presented evidence indicating he is a humane and generous person.

However, respondent's breach of professional conduct, which requires action pursuant to section 90 of the Judiciary Law of this State, cannot be countenanced. But, in this case, considering the circumstances which gave rise to his offense and the forthright testimony of respondent at the hearing, we find sufficient mitigating factors to justify a limitation of punishment. Accordingly, the respondent should be censured.

STEVENS, P. J., McGIVERN, MARKEWICH, KUPFERMAN and McNALLY, JJ., concur.

Respondent censured.